IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD HOOD, #B-08072,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CASE NO. 11-cv-854-JPG |
| ) | |
| **LT. MCCLELLAND, LT. MITCHELL,** ) | |
| **C/O WATKINS, WARDEN JOHNSON,** ) | |
| **and SHERRY BENTON,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Richard Hood, an inmate at Tamms Correctional Center ("Tamms"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 27 year sentence for aggravated battery. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff's complaint names Lt. McClelland, Lt. Mitchell, Correctional Officer Watkins, Warden Johnson, and Sherry Benton, who Plaintiff claims each violated his constitutional rights.

On September 9, 2009, Defendant McClelland "wrote [Plaintiff] up for excess property" (Doc. 1, p. 5).  Defendant McClelland and another officer had searched Plaintiff's cell and found thirty-six religious books and magazines and two pairs of ear buds, one of which was broken (Doc. 1, p. 5).  Plaintiff claims he intended on giving his excess property to his fiancee and alleges the guards and property officer knew of this intention (Doc. 1, p. 5).  However, because

"the property officer was running behind," the guards would not write him up for excess property when they searched his cell every few days (Doc. 1, p. 5).

Following the September 9, 2009, "write-up," Defendants Mitchell and Watkins presided over a disciplinary hearing where Plaintiff was classified as C-grade. Furthermore, because Plaintiff was found guilty, he was subsequently disapproved for lost good time restoration for over one year. At the hearing, Plaintiff claims that Defendant Mitchell would not allow him to call witnesses. Immediately following this hearing, Plaintiff wrote a grievance, which was subsequently signed by Defendant Johnson. Plaintiff claims that he was removed by Defendant Johnson from the "Behavior Incentive Program" in retaliation for filing this grievance (Doc. 1, p. 5).

Plaintiff requests expungement of the September 9, 2009, disciplinary report in addition to compensatory damages (Doc. 1, p. 7).

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Due Process**

Plaintiff claims that he was deprived of one year good conduct credit and classified as C-grade as a result of an inadequate disciplinary hearing. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law.

*Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  In *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984), the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those charges in which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974) (advance written notice of the charge, right to appear before the hearing panel, the right to call witnesses if prison security allows, and a written statement of the reasons for the discipline imposed).  The Seventh Circuit reasoned that prisoners have a right "to be free from arbitrary actions of prison officials," *Hanrahan,* 747 F.2d at 1140, but determined that the procedural protections outlined in *Wolff* provided the appropriate protection against arbitrary actions taken by a correctional officer such as issuing the inmate a fabricated conduct violation.

In the instant complaint, Plaintiff states that he was falsely accused of possessing excess property by Defendant McClelland when extenuating circumstances would not allow him to discharge his property.  Furthermore, Plaintiff's complaint includes allegations suggesting he did not receive all of the procedural protections outlined in *Wolff* during his subsequent disciplinary hearing, particularly his right to call prison property personnel and Commissary Officer Tinsley as witnesses.  Plaintiff has pled sufficient facts to suggest that he was not provided due process during his disciplinary hearing.  Thus, Plaintiff's claim for a due process violation hinges on whether or not the state deprived him of a constitutionally-protected interest as a result of the hearing.

**A - Good Conduct Credit**

A loss of good time credit does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence.  As such, Plaintiff presents a cognizable due process claim regarding good time credit revoked in the disciplinary proceeding following his September 9, 2009, write-up.  However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts.  *See, e.g., Heck v. Humphrey,* 512 U.S. 477, 480-81 (1994).  The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner.  *See Turner-El  v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)).  The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILL. COMP. STAT. 5/14-101 *et seq*. to consider the merits of Plaintiff's claim.  Accordingly, this claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, **but only after he has exhausted his state court remedies**.

**B - C-grade**

Plaintiff claims that he was demoted to C-grade following his September 9, 2009, write-up.  However, these allegations do not present a viable constitutional claim.  *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges).  As Plaintiff has no liberty interest in demotion to C-grade status, he has failed to state a due process claim with regard to this particular action taken by the disciplinary review board.  Therefore, this claim shall be dismissed with prejudice.

**Count 2 - Retaliation**

Plaintiff asserts that Defendant Johnson removed him from a Behavior Incentive Program in retaliation for the grievances he filed related to the September 9, 2009, disciplinary write-up. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim. *Id.*

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleading stages of this case. Thus, the Court is unable to dismiss Plaintiff's retaliation claim at this time.

**Pending Motion to Supplement Complaint**

**ORDER DENYING MOTION** (Doc. 5) **TO FILE SUPPLEMENT**: On October 14, 2011, this Court received a proposed supplement to the complaint from Plaintiff, consisting of 63 pages. The Court construes this proposed document as a motion for leave to file the tendered

supplement. Plaintiff's complaint (Doc. 1), consisting of 7 pages, is currently under initial review by the Court pursuant to 28 U.S.C. § 1915A. Federal Rule of Civil Procedure 8(a)(2) directs that a complaint shall contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Plaintiff's request to submit 63 pages of supplements is unreasonable in light of Rule 8. In addition, at the preliminary review stage of the litigation, voluminous exhibits are unnecessary. *See* FED. R. CIV. P. 26-37. **IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file the tendered supplement (Doc. 5) is **DENIED**, and the tendered documents shall not be filed in this case. If Plaintiff's complaint is not dismissed after the § 1915A preliminary review, his documents may be relevant at a later stage of the case and may be resubmitted at that time. The Clerk is **DIRECTED** to return Plaintiff's documents to him.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1B** fails to state a claim upon which relief may be granted and thus is **DISMISSED** with prejudice. **COUNT 1A** is **DISMISSED** without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, *but only after he has exhausted his state court remedies*. **DEFENDANTS MCCLELLAND, MITCHELL, WATKINS,** and **BENTON** are dismissed from this action without prejudice. **COUNT 2** shall receive further consideration.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **JOHNSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as

identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   July 10, 2012

                                             *s/J. Phil Gilbert*
                                             **United States District Judge**