IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD L. HOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 11-854-JPG-PMF |
| ) | |
| LT. MCCLELLAND, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant's motion for summary judgment (Doc. No. 12). Plaintiff Richard Hood is an inmate at Menard Correctional Center. He is proceeding on a § 1983 claim, alleging that he was removed from a behavior incentive program in retaliation for his efforts to obtain an administrative remedy for a defective disciplinary decision (Count 2). Defendant Johnson seeks a ruling in his favor on his affirmative defense that Hood filed this action without first exhausting available administrative remedies. The motion is not opposed.

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Count 2 is subject to the Prison Litigation Reform Act, which provides in pertinent part that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Court of Appeals requires strict compliance with the statute. *Dole v. Chandler*, 438 F.3d 804,

809 (7th Cir. 2006). Exhaustion means the prisoner has abided by the procedures for pursing relief. He or she must file complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). That is, the prison's requirements define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Failure to exhaust administrative remedies is an affirmative defense; defendant Johnson bears the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

In Illinois, the grievance process usually includes multiple levels of review. A prisoner first submits his grievance to a counselor. Such grievances are to be filed within 60 days after the discovery of the problem. The inmate may then submit a formal grievance to the grievance officer. The warden makes the final decision at the institutional level. A prisoner who is not satisfied by the warden's response may appeal to the Director. Those appeals are handled initially by the administrative review board (ARB). The Director issues the final decision. 20 Ill. Admin. Code § 504.810 et seq.

The materials on file lend substantial support to Johnson's argument. At the time Hood's concerns arose, he was confined at Tamms Correctional Center. Hood's grievance regarding removal from the behavior incentive program was not signed or dated. He complained that Johnson removed him from the behavior incentive program on November 16, 2009. A correctional counselor received Hood's grievance on January 28, 2010. A response was provided the following day. The grievance was forwarded to a grievance officer, who received it on February 8, 2010. The grievance officer completed her review on March 1, 2010, finding that Hood had filed his grievance outside of the 60-day timeframe. The warden concurred with the grievance officer's recommendation on March 9, 2010.

The administrative review board (ARB) received Hood's appeal on March 17, 2010.  On June 1, 2010, a member of the ARB returned the grievance to Hood without considering the merits, finding that the grievance had been submitted beyond the applicable 60-day timeframe (Doc. No. 13-1).

Defendant Johnson has established the merit of his affirmative defense by showing that Hood failed to comply with an administrative rule setting a grievance filing deadline.

IT IS RECOMMENDED that defendant Johnson's motion for summary judgment (Doc. No. 12) be GRANTED as follows.  Count 2 should be dismissed without prejudice for failure to exhaust administrative remedies.  If this recommendation is adopted, no claims will remain for decision.

SUBMITTED:  **March 29, 2013**  .

　　　　　　　　　　　　　　　　　　　　　　　**s/Philip M. Frazier**
　　　　　　　　　　　　　　　　　　　　　　　**PHILIP M. FRAZIER**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**